The Honorable Timothy W. Dore
Chapter 7
Hearing Location: Courtroom 8106, Seattle
Hearing Date: May 16, 2014
Hearing Time: 9:30 a.m.
Response Date: May 9, 2014

**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| In Re: ) | Chapter 7 |
| ) | No. 11-20136 |
| LISA MICHELLE PROKOPOVICH ) | |
| ) | TRUSTEE'S MOTION |
| ) | FOR ORDER AUTHORIZING |
| Debtor. ) | ABANDONMENT OF CLAIM |
| ) | |

COMES NOW the Chapter 7 Trustee, Ronald G. Brown, and moves this court, pursuant to 11 U.S.C. 554, for an order authorizing abandonment of a personal injury claim as follows:

The debtor scheduled a personal injury claim arising from a car accident on February 5, 2010. The trustee participated in mediation of the claim on April 14, 2014, at which the claim defendant's last offer was $12,500. Through his special counsel, the trustee had submitted a settlement demand in the sum of $50,000 for personal injuries and non-economic loss. The trustee has filed an objection to the debtor's exemption claim which is in the sum of $27,311.32. The defendant insurer also may assert a subrogation claim of about $25,000 against any claim recovery which would exceed what was proposed to settle the claim. The trustee may be able to dispute some portion of the subrogation claim.

The trustee has been advised that the claim is meritorious. However, there appears to be significant evidentiary issues that might affect whether the bankruptcy estate could more likely than not establish the claim with significant recovery for creditors beyond the debtor's exemption claim and the subrogration claim if the case proceeds beyond mediation to court-mandated arbitration or

TRUSTEE'S MOTION - 1

RONALD G. BROWN
ATTORNEY AT LAW
2525 WELLS FARGO CENTER
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 342-7850 TELEPHONE
(206) 342-7851 FACSIMILE

Case 11-20136-TWD    Doc 26    Filed 04/18/14    Ent. 04/18/14 14:18:33    Pg. 1 of 2

trial. There might be a need to incur substantial expenditure by court discovery procedures, expert testimony, and other matters to establish the claim. The bankruptcy estate has no funds from non-exempt assets to pursue matters that might require substantial expenditure. Based upon an evaluation of the various factors that affect a non-exempt recovery of the claim, it appears that the personal injury claim for the bankruptcy estate is either of minimal value to creditors or is burdensome to administer.

WHEREFORE, the trustee moves this court for the entry of an order authorizing abandonment of the personal injury claim.

DATED this 18th day of April, 2014.

/s/ *Ronald G. Brown*
Ronald G. Brown, WSBA #8816
Chapter 7 Trustee

TRUSTEE'S MOTION - 2

RONALD G. BROWN
ATTORNEY AT LAW
2525 WELLS FARGO CENTER
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 342-7850 TELEPHONE
(206) 342-7851 FACSIMILE

Case 11-20136-TWD    Doc 26    Filed 04/18/14    Ent. 04/18/14 14:18:33    Pg. 2 of 2